**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **N.B. and K.M.-1**

**No. 25-182** (Ohio County CC-35-2022-JA-47 and CC-35-2022-JA-49)

**MEMORANDUM DECISION**

Petitioner Father T.B.[1] appeals the Circuit Court of Ohio County's February 12, 2025, order terminating his parental rights, arguing that the circuit court erred in finding that he could not substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the court's February 12, 2025, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

Because the resolution of this appeal turns on a narrow legal issue, it is unnecessary to recount the procedural history in great detail. It is sufficient to note that, following the DHS's March 2022 petition,[3] the petitioner stipulated to his history of substance abuse and criminal behavior, failure to provide financially for K.M.-1, and that he "suffer[ed] from conditions affecting his mental health." On this basis, the circuit court adjudicated the petitioner as an abusing and/or neglectful parent and N.B. and K.M.-1 as abused and/or neglected children in June 2022. At a dispositional hearing in August 2023, the parties agreed to a disposition pursuant to West Virginia Code § 49-4-604(c)(5) ("Disposition 5"), which the court ordered, noting that the petitioner must continue substance abuse and mental health treatment, provide his drug screen results and proof that he was attending therapy, and maintain contact with the children.

In August 2024, the petitioner moved to modify disposition and requested a parenting plan for each child, alleging that he had substantially corrected his issues. The petitioner stated that he

---

[1] The petitioner appears by counsel Tejinder Singh. The Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel Joseph J. Moses appears as the children's guardian ad litem. Respondent Mother, G.M., appears by counsel Michael B. Baum, and Respondent Mother, K.M.-2, appears by counsel John M. Jurco.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because one of the children and one of the mothers share the same initials, we use numbers to differentiate them.

[3] The proceedings below concerned additional children and respondents not at issue on appeal.

had maintained substance abuse treatment and individual therapy, was employed, and had a suitable home. The DHS then filed its own motion to modify disposition, requesting that the petitioner's parental rights be terminated as he had not maintained meaningful and consistent involvement with the children due to his failure to provide clean drug screens.

The circuit court held a series of hearings on these motions, culminating in a final hearing in January 2025. Ultimately, the court denied the petitioner's motion to modify disposition and granted the DHS's motion. In ruling on the motions, the court found that the evidence "reflect[ed] a change of circumstances and further deterioration of [the petitioner's] relationship with [the children]," and concluded it was in N.B. and K.M.-1's best interests to modify the petitioner's disposition and to terminate his parental rights.[4] Critical to the resolution of this appeal, the court made no findings as to whether there was a reasonable likelihood that the petitioner could substantially correct the conditions of abuse and/or neglect in the near future or whether termination was necessary for the children's welfare. It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that the circuit court erred in terminating his parental rights because it was not necessary for the children's welfare and the conditions of abuse and neglect were correctable. We agree that termination was in error, given that the circuit court failed to make the findings required to terminate parental rights pursuant to West Virginia Code § 49-4-604(c)(6). Instead of addressing these necessary findings, the circuit court focused on the findings necessary to modify the initial disposition.[5] *See* W. Va. Code § 49-4-606(a) (permitting a circuit court to modify a dispositional order "if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests."). While the circuit court correctly undertook this analysis, as a threshold matter, its analysis should not have ended there. West Virginia Code § 49-4-606(a) explicitly references West Virginia Code § 49-4-604, and therefore contemplates *all* types of dispositional modifications, including the termination of parental rights. After finding that modification was appropriate, West Virginia Code § 49-4-604(c)(6) requires the circuit court to

---

[4] The permanency plan for the children is to remain in their respective mothers' custody.

[5] Though not directly at issue on appeal, we note that the parties sought to modify the petitioner's Disposition 5. However, since the children were *not* placed in guardianships but instead remained in their mothers' custody, a Disposition 5 was improper. Instead, the circuit court should have terminated the petitioner's *custodial* rights, as a Disposition 5 "does not encompass when a child is with a non-offending parent—only when a child is temporarily placed with a guardian or the DHS." *See In re H.B.*, -- W. Va. --, -- n.18, 922 S.E.2d 350, 361 n.18 (2025); *see also In re K.S.*, 246 W. Va. 517, 524 n.13, 874 S.E.2d 319, 326 n.13 (2002) ("[B]ecause the children were placed with their biological [parents], the parties appear to have been contemplating a simple termination of petitioner's *custodial* rights, rather than a guardianship or [DHS] custody. Such a disposition would appear to be more appropriately governed by subsection 604(c)(6), rather than (c)(5).").

find both "that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is "necessary for the welfare of the child[ren]" in order to terminate parental rights. Here, the court failed to make these requisite findings. *See In re R.B.*, -- W. Va. --, --, 923 S.E.2d 464, 470 (2025) (affirming the termination of a parent's rights upon a motion to modify disposition where the court properly made the requisite findings under West Virginia Code § 49-4-604(c)(6) to support termination in addition to the threshold determinations under West Virginia Code § 49-4-606(a)). We therefore vacate the circuit court's order modifying the petitioner's disposition and remand this matter for further proceedings, including the entry of an order setting forth the findings required by West Virginia Code § 49-4-604(c)(6) as to whether the conditions of neglect or abuse could be substantially corrected in the near future and whether termination was necessary for N.B. and K.M.-1's welfare.

The circuit court's February 12, 2025, order is therefore vacated, and this case is remanded to the circuit court for further proceedings consistent with this decision.[6] The clerk is hereby instructed to issue the mandate forthwith.

Vacated and remanded, with directions.

**ISSUED**: March 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[6] This memorandum decision does not vacate the rulings in the court's February 12, 2025, order relating to other adult respondents or the children's custody.

3